UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

              Plaintiff,            Civil No.

vs.                                        Honorable

$25,760.00 in U.S. Currency; and
18K Rose Gold Rolex-Day Date
40, Model 218235 Watch,

              Defendants *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Gjon Juncaj, Assistant United States Attorney, and for its Complaint for Forfeiture states:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6).

2. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 because this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action pursuant to 28

U.S.C. § 1355(b)(1)(A) because acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

4.  Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the Plaintiff's claims occurred in the Eastern District of Michigan.

5.  Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(c) because the Defendants *in rem* are located in the Eastern District of Michigan.

## BACKGROUND INFORMATION

6.  The Defendants *in rem* consist of the following: $25,760.00 in U.S. Currency; and 18K Rose Gold Rolex-Day Date 40, Model 218235 Watch. Agents of the Drug Enforcement Administration ("DEA") seized the Defendants *in rem*, after executing a State of Michigan Search Warrant, on or around June 15, 2022, at 2XXXX Boulder Avenue, Eastpointe, Michigan (MI) 48021 and 2XXXX Wyoming Avenue, Detroit, Michigan, both in the Eastern District of Michigan. The Defendants *in rem* are currently in the custody of the United States Marshals Service.

7.  The Defendants *in rem* are property things of value furnished or intended to be furnished in exchange for controlled substances, in violation of 21

2

U.S.C. §§ 841 and/or 846 (drug trafficking), or proceeds of such an exchange, and are therefore subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

## UNDERLYING CRIMINAL STATUTES

8. Title 21, United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6)

9. Title 18, United States Code, Section 981(a)(1)(A), provides for the civil forfeiture of:

> (A) any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of [Title 18], or any property traceable to such property.

## STATUTORY BASIS FOR CIVIL FORFEITURE

10. The Defendants *in rem* are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for

3

a controlled substance; as proceeds traceable to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

11. The Defendant *in rem* 18K Rose Gold Rolex-Day Date 40, Model 218235 Watch (Defendant *in rem* watch) is forfeitable pursuant to 18 U.S.C. § 981(a)(1)(A) as property involved in Money Laundering in violation of 18 U.S.C. §§ 1956 and/or 1957. The Defendant *in rem* watch was derived from proceeds of "specified unlawful activity" as the term is defined by 18 U.S.C. § 1956(c)(7) and 18 U.S.C. § 1961(1). Specified unlawful activity from which the Defendant *in rem* watch was derived from include, but are not limited to, the proceeds of controlled substance violations.

12. 21 U.S.C. § 881 governs the civil forfeiture of property which constitutes or is derived from the proceeds of controlled substance crimes, or which was used to facilitate such crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them....[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6).

## GENERAL ALLEGATIONS

13.     On June 15, 2022, agents of the DEA assisted by other law enforcement officers executed a State of Michigan search warrant at two residences in the Eastern District of Michigan: one residence located at Boulder Avenue in Eastpointe, Michigan and the other located at Wyoming Avenue in Detroit, Michigan. Through surveillance by law enforcement beginning in February 2022 and continuing into June 2022, law enforcement observed the Wyoming Avenue location being utilized for drug trafficking activity.

14.     During this time, among other individuals and instances, based on officer training and experience an individual identified as William DAVIS was observed conducting a "hand-to-hand" drug transaction in front of the Wyoming Avenue location. Officers also observed DAVIS operating a vehicle utilizing driving techniques indicative of conducting counter surveillance measures. Based on training and experience, it is known to law enforcement that drug traffickers commonly use counter surveillance driving techniques to determine if they are being followed by law enforcement. Additionally, in April 2022, a search of the trash receptacle for the Wyoming Avenue residence yielded multiple plastic baggies and "corner ties." Based on officer training and

experience, it is known illegal drugs are processed and packaged for individual sale utilizing these materials. Investigators utilized a hand-held mass spectrometer to conduct a field test of suspected illegal drug residue located inside of the "corner ties" and packaging material. The field test returned a presumptive positive result for the presence of cocaine and fentanyl. The June 15, 2022, search warrant resulted in the seizure of two clear knotted plastic baggies containing a white chunky and powdery substance, and one rectangular shaped clear plastic wrapping containing a white powder. After laboratory analysis the white chunky and powdery substance was later confirmed to be cocaine.

15. Through their investigation officers learned DAVIS frequented the Boulder Avenue location. On June 15, 2022, the residence was searched based on probable cause to believe the residence would contain evidence and proceeds of drug trafficking. On the date of the search warrant execution, agents seized the Defendants *in rem* along with two firearms, ammunition, and multiple cell phones. The Defendant *in rem* U.S. currency was seized from the master bedroom of the Boulder Avenue location. Additional U.S. currency was seized from DAVIS' pants pocket. DAVIS advised officers at the execution of the search warrant that the currency seized from his pants, later counted as $7,910,

was his. A female occupant of the home advised officers that she claimed ownership of $7,000 in U.S. currency at the home, but she was not willing to disclose where the currency was stored and further refused to sign for ownership of the currency. Agents also seized one 18K Rose Gold Rolex-Day Date 40, Model 218235 Watch, from the living room of the Boulder Avenue location. The watch is valued at over $20,000. Officers know by training and experience, that drug traffickers will seek to spend and conceal proceeds of drug trafficking by purchasing expenses jewelry such as the Defendant *in rem* watch.

16. The Defendants *in rem* are property furnished or intended to be furnished in exchange for controlled substance violations of 21 U.S.C. §§ 841, 846, constitute proceeds of the same, and/or constitute property involved in money laundering.

17. As a result, the Defendants *in rem* are forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A).

## CLAIM FOR RELIEF

18. Plaintiff realleges and incorporates by reference each and every allegation contained in paragraphs 1 through 17 above and any subparagraphs thereunder.

7

19.     The Defendants *in rem* are to be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6) and/or 18 U.S.C. § 981(a)(1)(A).

## **CONCLUSION**

Plaintiff, the United States of America, respectfully requests that a warrant for the arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the aforementioned Defendants *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

DAWN N. ISON
United States Attorney

S/Gjon Juncaj
Gjon Juncaj (P63256)
Assistant U.S. Attorney
211 W. Fort Street, Ste. 2001
Detroit, Michigan 48226
(313) 226-0209
Gjon.Juncaj@usdoj.gov

Dated: November 30, 2023

## **VERIFICATION**

I, Zachary Snyder, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents and/or officers.

*Zachary Snyder*
Zachary Snyder
Special Agent
Drug Enforcement Administration

Dated: November 30, 2023